UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HERBERT JOHNSON, <br>           Petitioner, <br>     v. <br> FEDERAL COURT JUDGES, et al., <br>           Respondent. | Case No. 2:20-cv-01134-JAK-JDE <br><br> ORDER TO SHOW CAUSE |

    Petitioner Herbert Johnson ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254, seeking to vacate his 2005 conviction. Pursuant to Rule 4 of Rules Governing Section 2254 Proceedings for the United States District Court ("Habeas Rules"), the Court is required to review the Petition and, if it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears to suffer from at least three defects requiring dismissal. The Court thus orders Petitioner to show cause why this action should not be dismissed.

# I.

# PROCEDURAL HISTORY

In 2005, a Los Angeles County Superior Court jury found Petitioner guilty of eight counts of rape and one count of sexual penetration by a foreign object. The jury also found true the special allegation that he committed the offenses during the course of a burglary. Petitioner was sentenced to eighty-nine years to life in state prison. Pet. at 5 (CM/ECF pagination); People v. Johnson, 2007 WL 2994663, at *1 (Cal. Ct. App. Oct. 16, 2007).

Petitioner appealed his conviction and sentence to the California Court of Appeal. On April 2, 2007, the court of appeal reversed in part and remanded the matter for resentencing. Appellate Courts Case Information ("Appellate Courts") at https://appellatecases.courtinfo.ca.gov.[1] Thereafter, the People filed a Petition for Review, and on September 12, 2007, the California Supreme Court transferred the matter to the California Court of Appeal with directions to vacate the original decision and reconsider the case in light of People v. Black, 41 Cal. 4th 799 (2007) and People v. Sandoval, 41 Cal. 4th 825 (2007). Johnson, 2007 WL 2994663, at *1 n.1. On October 16, 2007, the court of appeal affirmed the judgment. Id. at *6. Petitioner's subsequent Petition for Review was denied on December 19, 2007. Appellate Courts.

Years later, on or about October 3, 2018, Petitioner collaterally challenged his conviction by filing a habeas petition in the Los Angeles County Superior Court. Los Angeles County Superior Court at www.lacourt.org. It is

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of relevant state and federal court records available electronically. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

unclear when this petition was denied, but Petitioner filed another habeas petition in the superior court on or about July 30, 2019. Id. Again, it is unclear from the superior court's online docket when a decision was issued on this petition.

Meanwhile, in 2019, Petitioner filed three habeas petitions in the California Court of Appeal regarding his 2005 conviction, all of which were denied. Pet. at 33; Appellate Courts.

Based on the California Supreme Court's online docket, it appears Petitioner may have filed a habeas petition in the California Supreme Court on or about September 26, 2013, which was denied on December 18, 2013. Appellate Courts. It appears he then filed a second habeas petition in the California Supreme Court on or about January 13, 2014, which was denied on March 12, 2014. Id. Two additional habeas petitions were filed in the California Supreme Court in 2019, both of which were denied. Id.

Petitioner initially submitted the instant Petition to the Ninth Circuit Court of Appeals, which deemed the Petition constructively filed on January 4, 2020. Dkt. 3. The Petition was transferred to this Court on February 4, 2020.[2]

## II.
## PETITIONER'S CLAIMS

Petitioner alleges that he did not receive a fair trial. Pet. at 2. Although the Petition is difficult to decipher, as best the Court can discern, Petitioner contends that his 2005 conviction is unlawful because: there was insufficient evidence; it was based on the use of DNA samples obtained years after the underlying 1998 offenses; and the trial court, district attorney, and trial counsel

---

[2] The Court also is in receipt of Petitioner's additional submissions to the Ninth Circuit (Dkt. 6-8), which were transferred to this Court on February 12, 2020.

conspired against him. See Pet. at 3, 5-7, 39.[3] In addition to seeking his release, Petitioner also appears to be requesting relief under California's Proposition 57. Id. at 6.

## III.

## DISCUSSION

### A. The Petition is Facially Untimely

Because the Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner does not appear to contend that he is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(B)-(D), and the Court finds no basis for applying a later trigger date. As such, Section 2244(d)(1)(A) governs in this case.

As noted, the California Supreme Court denied Petitioner's Petition for Review on December 19, 2007. As such, Petitioner's conviction became final ninety days later, on March 18, 2008, when the period in which to petition the United States Supreme Court for a writ of certiorari expired. See Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); Bowen v. Roe, 188 F.3d 1157,

---

[3] According to the California Court of Appeal, in November 1999, in Los Angeles County Superior Court Case No. NA042450, Petitioner pleaded guilty to two counts of forcible rape and was sentenced to an aggregate state prison term of eight years. While serving his sentence, a saliva specimen was obtained from Petitioner, which, in turn, led to Petitioner being charged with the 1998 offenses. Johnson, 2007 WL 2994663, at *1 n.3.

4

1158-59 (9th Cir. 1999).[4]

Petitioner had one year from the date his conviction became final to raise a federal claim challenging his 2005 conviction. Thus, the AEDPA's one-year limitations period expired on March 18, 2009. Petitioner did not constructively file the instant Petition until January 4, 2020. Thus, absent tolling, the Petition appears untimely. The burden of demonstrating sufficient tolling, whether statutory or equitable, rests with Petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

### 1. Statutory Tolling Does Not Render the Petition Timely

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date a judgment becomes final and the date the petitioner files his first state collateral challenge because during that time there is no case "pending." See Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012).

Here, Petitioner is not entitled to any statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2) as Petitioner constructively filed his first state habeas petition challenging his conviction on or about September 26, 2013 – after the expiration of the statute of limitations. Once the limitations period expired, it could not be reinitiated. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Thus, statutory tolling does not appear to render the Petition timely.

---

[4] Petitioner does not allege that he filed a petition for writ of certiorari.

5

### 2. Equitable Tolling Does Not Render the Petition Timely

In addition to statutory tolling, the AEDPA's one-year limitations period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. The "threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." See Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended).

Here, Petitioner has not asserted any facts that might warrant equitable tolling, or otherwise shown that some extraordinary circumstance prevented him from timely filing his Petition. Accordingly, the Court finds that Petitioner has not met his burden of demonstrating entitlement to equitable tolling to render the instant Petition timely.

### 3. Petitioner is Not Entitled to an Equitable Exception to the Limitations Period

Petitioner alleges that he is actually innocent of the crimes of conviction. Pet. at 12. To the extent Petitioner maintains that he is entitled to an equitable exception to the limitations period because he is actually innocent, Petitioner's conclusory allegations fall short of meeting the exacting standard under Schlup v. Delo, 513 U.S. 298 (1995).

In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the Supreme Court concluded that a convincing showing of actual innocence under Schlup can

overcome the AEDPA's statute of limitations. See also Lee v. Lampert, 653 F.3d 929, 931 (9th Cir. 2011) (en banc). A claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Perkins, 569 U.S. at 386 (quoting Schlup, 513 U.S. at 329) (alteration in original). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327.

Here, Petitioner has not purported to adduce the kind of new reliable evidence described in Schlup. Petitioner does not support his bald assertion with any specific allegations or any proffer of evidence. Although Petitioner asserts that DNA testing would show his innocence (Pet. at 12, 17), he does not proffer any evidence that this testing was actually done, let alone that it exonerated him.[5] Petitioner is relying on pure speculation, wholly unlike the "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," specified by the Supreme Court as necessary to support a claim of actual innocence.

---

[5] To the extent Petitioner contends he is entitled to an evidentiary hearing, his unsupported and conclusory allegations of actual innocence do not warrant an evidentiary hearing. See Herrera v. Sec'y of Corr., 2018 WL 3424583, *15 (C.D. Cal. Apr. 5, 2018) (unsupported and conclusory allegation of actual innocence does not warrant an evidentiary hearing), report and recommendation accepted by, 2018 WL 3410104 (C.D. Cal. July 12, 2018); Lyons v. Frigo, 2007 WL 2572338, *17 (D. Ariz. Sept. 4, 2007) ("[C]onclusory allegations are insufficient to support a claim [of actual innocence] or justify an evidentiary hearing.").

Petitioner's conclusory allegations of innocence are insufficient to make a convincing showing of actual innocence under Schlup to overcome the AEDPA's statute of limitations. See, e.g., Woods v. Knipp, 2016 WL 7349804, at *3 (C.D. Cal. Dec. 19, 2016) (petitioner's vague and conclusory references to McQuiggin and actual innocence were insufficient to make a "convincing showing that he is innocent of the crimes of which he was convicted"); Mosley v. Biter, 2016 WL 232293, at *5 (C.D. Cal. Jan. 19, 2016) (petitioner's conclusory assertions of actual innocence without any evidentiary support failed to demonstrate actual innocence to overcome his noncompliance with the AEDPA's statute of limitations); Reeves v. Biter, 2015 WL 2345647, at *8 (C.D. Cal. Apr. 7, 2015) (claim that DNA testing would have exonerated petitioner insufficient to excuse his untimeliness), report and recommendation accepted by 2015 WL 2353149 (C.D. Cal. May 15, 2015); Ramirez v. Cates, 2013 WL 3121884, at *9 (C.D. Cal. June 14, 2013) (same).

Accordingly, Petitioner's claims challenging his 2005 conviction are untimely.

**B.     Petitioner's Claim Based on Proposition 57 is Not Cognizable and Does Not Lie at the Core of Habeas Corpus**

California's Proposition 57 was approved by California voters in November 2016, making parole available to certain felons that were convicted of nonviolent crimes.

Specifically, Proposition 57 added Article I, section 32 to the California Constitution, which provides:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:

8

> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
>
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
>
> (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.
>
> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32. The plain text of Proposition 57 does not provide for existing prisoners to be resentenced; rather, it creates a mechanism for parole consideration. See Travers v. California, 2018 WL 707546, at *2-3 (N.D. Cal. Feb. 5, 2018).

Petitioner's reliance upon Proposition 57 results in two defects in the Petition. First, as the application of Proposition 57 is exclusively a matter of state law, Petitioner's claim is not cognizable under federal habeas review. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 222 (2011) ("the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts"); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (reiterating that it is not the province of a federal habeas court to reexamine state court determinations on state law questions); Smith v. Phillips, 455 U.S. 209, 221

(1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir. 1984) (as amended); McKinley v. Warden, 2019 WL 5431872, at *2 (C.D. Cal. Aug. 19, 2019) (to the extent petitioner was alleging that the state courts misinterpreted state law in determining that he was not entitled to the parole provisions afforded to nonviolent prisoners under Proposition 57, this claim was not cognizable), report and recommendation accepted by 2019 WL 5424413 (C.D. Cal. Oct. 21, 2019); Alford v. Doe, 2018 WL 1896533, at *1 (C.D. Cal. Apr. 18, 2018) (Proposition 57 claim was not cognizable on federal habeas review).

Second, federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Id. at 489. The Ninth Circuit has adopted a rule that if "a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner's] claim does not fall within 'the core of habeas corpus,' and he must instead bring his

claim under § 1983." Id. at 935 (quoting Skinner, 562 U.S. at 535 n.13).

Here, because Petitioner is serving an indeterminate life sentence, even if his claim was cognizable on federal habeas review, success on such a claim "would not necessarily lead to his immediate or earlier release from" custody. Proposition 57, if applicable, would only make Petitioner eligible for parole consideration, it "does not command his release from prison." Travers, 2018 WL 707546, at *3. As such, under Nettles, Petitioner's claim is not within "the core of habeas corpus" and may not be brought pursuant to Section 2254. See Alexander v. Gastelo, 2019 WL 1104616, at *2 (C.D. Cal. Jan. 29, 2019) (finding petitioner's claims under Proposition 57 did not fall within the core of habeas corpus), report and recommendation accepted by 2019 WL 1099980 (C.D. Cal. Mar. 8, 2019).

Additionally, although the Ninth Circuit in Nettles stated that a district court may construe a habeas petition to plead a civil rights claim after notifying the prisoner and obtaining his informed consent, 830 F.3d at 935-36, converting Petitioner's Proposition 57 claim into a federal civil rights action is not appropriate in this case. First, prisoner civil rights actions are subject to different requirements (and higher filing fees) than are federal habeas proceedings. Indeed, Petitioner may have deliberately filed the instant action as a habeas petition in order to avoid paying the higher filing fees. At least one district court has found that Petitioner suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) and must therefore meet certain conditions before he may proceed in forma pauperis. See Johnson v. Paramo, Case No. 3:16-cv-0723-BEN-RBB (S.D. Cal. 2016), Dkt. 5. As the fee for filing a habeas action in the Central District is $5.00, compared to the $400.00 civil and administrative filing fees for a civil action, it would be to Petitioner's advantage to present a civil rights claim in the guise of a habeas petition. Second, the Petition is not amenable to conversion because it does not name

11

the proper defendant or seek the correct relief. See Nettles, 830 F.3d at 936 (in order to be converted, petition must be "'amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'").

### C. A Stay is Not Warranted

Petitioner also requests a stay of the proceedings. Pet. at 39. However, a petitioner is not entitled to a stay under Rhines v. Weber, 544 U.S. 269 (2005) or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) if he filed his federal petition after the AEDPA statute of limitations already expired. See Barnett v. Fox, 2017 WL 4023090, at *4 (C.D. Cal. July 6, 2017) (denying Rhines stay because the petition was time-barred), report and recommendation accepted by 2017 WL 4022400 (C.D. Cal. Sept. 10, 2017); King v. Frauenheim, 2016 WL 687867, at *6 (N.D. Cal. Feb. 19, 2016) (neither a Rhines nor Kelly stay was appropriate because staying the proceedings would do nothing to eliminate the untimeliness problem). Thus, where, as here, the Petition is untimely, a stay of the proceedings is unnecessary because exhausting any additional claims would not overcome the untimeliness issue.

## IV.

## ORDER

Based upon the Petition as currently submitted, the Petition appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE, in writing, by <u>no later than thirty (30) days from the date of this Order</u>, why this action should not be dismissed for the reasons stated above. Alternatively, Petitioner may dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a).

/ / /

/ / /

/ / /

Petitioner is cautioned that a failure to respond timely in compliance with this Order will result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with a Court order.

Dated: February 14, 2020

_____
JOHN D. EARLY
United States Magistrate Judge